# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Dontea Britton,

          Plaintiff,

    v.

Michael J. Astrue,
Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 07-4746 ADM/SRN

_____

Mark G. Stephenson, Stephenson & Sutcliffe, PA, Rochester, MN, on behalf of Plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, Minneapolis, MN, on behalf of Defendant.

_____

## I.  INTRODUCTION

Defendant Social Security Commissioner Michael J. Astrue ("Defendant") denied

Plaintiff Dontea Britton's ("Britton") application for social security income ("SSI") based on

disability.  The matter is now before the undersigned United States District Judge for

consideration of Britton's Objections [Docket No. 19] to Magistrate Judge Susan R. Nelson's

Report and Recommendation ("R&R") [Docket No. 17] that Britton's Motion for Summary

Judgment [Docket No. 13] be denied and that Defendant's Motion for Summary Judgment

[Docket No. 15] be granted.  For the reasons stated below, the Court adopts the R&R.  The

procedural and factual background, described in the R&R, is incorporated by reference.

## II.  DISCUSSION

The district court must make an independent, de novo review of those portions of the

R&R to which a party objects, and "may accept, reject, or modify, in whole or part, the findings

or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

A reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence contained in the record as a whole.  42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000).  If the record contains substantial evidence supporting the Commissioner's determination, the reviewing court may not reverse the Commissioner's ruling even if it would have reached a different conclusion.  Holley, 253 F.3d at 1091.

Britton objects to Judge Nelson's conclusion that the Administrative Law Judge ("ALJ") did not err by according credibility to the opinions of non-treating sources over the opinions of Britton's treating sources.  A treating physician's opinion is generally given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 416.927(d)(2); see also Tindell v. Barnhart, 444 F.3d 1002, 1005 (8th Cir. 2006).  But a treating source's opinion may be disregarded if the opinion is inconsistent with other, substantial evidence in the record or "if other assessments are supported by better or more thorough medical evidence." Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001); Rogers v. Chater, 118 F.3d 600, 602 (8th Cir. 1997).  Ultimately, the question of whether a claimant is "disabled" is reserved for the Commissioner, and, therefore, a conclusion of disability by a medical source—even a treating source—is of no special significance.  20 C.F.R. § 416.927(e)(1), (3); see also Forehand

v. Barnhart, 364 F.3d 984, 986 (8th Cir. 2004) (noting that a treating source's opinion is not conclusive in determining disability status).

Here, the ALJ declined to afford controlling weight to the opinions of Britton's treating sources because the ALJ found that their opinions were not well supported by objective medical evidence, were inconsistent with other evidence in the record as a whole, and were undermined by Britton's failure to follow through with treatment.  R&R at 18.  Britton argued to Judge Nelson that the ALJ erred because he "completely ignored" the opinions of Dr. Blum, Dr. Rahman, and therapist Benson.[1]  Pl.'s Mem. in Supp. of Mot. for Summ. J. [Docket No. 11] at 9. Judge Nelson concluded that there was substantial evidence in the record as a whole to support the ALJ's decision.  Id. at 18-20.  Specifically, Judge Nelson found Dr. Blum never quantified Britton's impairments and in fact refused to do so on more than one occasion because Britton failed to complete a vocational evaluation.  R&R at 16.  The record shows that Britton never did follow through and obtain such an evaluation, and, accordingly, Judge Nelson concluded that "[t]he ALJ did not err in disregarding Dr. Blum's 'opinion' because there was no 'opinion' to regard."  Id. at 16.  Judge Nelson explained that the ALJ was also entitled to reject Dr. Rahman's opinion because it was inconsistent with other medical evidence, including Dr. Rahman's own treatment records, and because Dr. Rahman did not provide clinical findings or medical support for his opinion.  Id. at 16.  And as to Benson's opinion, Judge Nelson concluded that the ALJ properly accorded the opinion no weight because it was inconsistent with Benson's own records; was not accompanied by any contemporaneous treatment records; and was vague, conclusory, and failed to refer to any medical records, clinical findings, or diagnostic testing.  Id. at 17.

---

[1] Benson's opinion was also signed by Dr. Stevens.

Additionally, Judge Nelson explained that under <u>Miller v. Shalala</u>, 8 F.3d 611, 613 (8th Cir. 1993), the ALJ was not required to explicitly discuss every piece of evidence presented. R&R at 18-20.  Britton now argues in his Objections that <u>Miller</u> is "an outdated case that was reversed three years [after it was decided]" by the promulgation of Social Security Ruling 96-5p,[2] which, Britton asserts, requires that "each and every part of each medical opinion must be addressed."  Objections at 2.  Britton's argument is without merit; several decisions by the Eighth Circuit since the promulgation of Social Security Ruling 96-5p, have cited <u>Miller</u> with approval for the proposition that when denying disability benefits, an ALJ "does not have to discuss every piece of evidence presented, but must develop the record fully and fairly."  <u>E.g.</u>, <u>Weber v. Apfel</u>, 164 F.3d 431, 432 (8th Cir. 1999); <u>Morrison v. Apfel</u>, 146 F.3d 625, 628 (8th Cir. 1998); <u>Black v. Apfel</u>, 143 F.3d 383, 386 (8th Cir. 1998).  To the extent that Britton appears to be challenging the validity of <u>Miller</u>, the Eighth Circuit has spoken to its continued viability and it is not within the power of this Court to overrule established Eighth Circuit precedent.

Moreover, there is a difference between, on the one hand, declining to provide a discussion on a particular medical source's opinion and, on the other hand, "ignoring" such an opinion.  <u>See</u> <u>Black</u>, 143 F.3d at 386 (stating that an ALJ's failure to specifically cite the opinions of certain treating sources does not indicate that those opinions were "not considered" by the ALJ) (citing <u>Montgomery v. Chater</u>, 69 F.3d 273, 275 (8th Cir. 1995)).  Here, the ALJ carefully considered the entire record, including all symptoms consistent with the objective medical evidence and other evidence, as well as the opinion evidence of treating, examining, and

---

[2] Social Security Ruling 96-5p provides, in pertinent part, that "opinions from any medical source . . . must never be ignored.  The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability . . . ."

consultative doctors.  Admin. R. ("A.R.") [Docket No. 8] at 29-30.  Ultimately, the ALJ chose to

give more weight to the opinions of four consultative sources (Dr. Wiger, Dr. Rafferty, Dr.

Larson, and Dr. Salmi) who opined that the medical records failed to demonstrate that Britton

was physically or mentally unable to work.  R&R at 18-20.  The ALJ explained that those

opinions were persuasive because they were consistent with the objective medical evidence on

the record, consistent with each other, and well-supported by clinical and laboratory diagnostic

techniques.  Id.  The Court agrees with Judge Nelson's decision, explaining in detail how

substantial evidence supported the ALJ's finding regarding the weight afforded to the various

opinions.

Britton's next objection is that the ALJ erred by failing to recontact treating sources to

establish factual bases for their opinions.  Objections at 5-6.  Britton argues that under Social

Security Ruling 96-5p, an ALJ is required to "recontact" treating sources when the bases for

their opinions are unclear.[3]  Id. at 2, 6.  He claims that when the ALJ determined that the

opinions of Britton's treating sources lacked the support of medical records, clinical findings, or

diagnostic testing, the ALJ was under a duty to recontact those treating sources to request such

supportive information rather than deciding to afford the treating sources' opinions little or no

weight.  Id. at 5.  As an initial matter, a review of the briefs submitted in this case shows that

Britton did not raise this argument before Judge Nelson.  "[T]he purpose of referring cases to a

magistrate for recommended disposition would be contravened if parties were allowed to present

only selected issues to the magistrate, reserving their full panoply of contentions for the trial

---

[3] Social Security Ruling 96-5p provides that "[f]or treating sources, the rules . . . require
that we make every reasonable effort to recontact such sources for clarification when they
provide opinions on issues reserved to the commissioner and the bases for such opinions are not
clear to us."

court." Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000) (quotation omitted). Thus, the general rule is that "a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review." Id.; see also Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) (holding that a party cannot raise arguments in his objections to an R&R that were not clearly presented to the magistrate judge). Because it was not presented to Judge Nelson, Britton's argument regarding the alleged duty to "recontact" sources of medical opinions is not properly before the Court.

Even if the argument were properly before the Court, it is without merit. Although an ALJ should recontact a treating source "when the information the [source] provides is inadequate for the ALJ to determine whether the applicant is actually disabled," the regulations "do not require an ALJ to recontact a treating [source] whose opinion is inherently contradictory or unreliable." Hacker v. Barnhart, 459 F.3d 934, (8th Cir. 2006) (citing 20 C.F.R. § 404.1512(e)). In Hacker, the Eighth Circuit explained: "[T]he issue was not whether the treating [sources'] opinions were somehow incomplete. The ALJ found them refuted by the record and the treating [sources'] own earlier opinions and advice." Id. The same is true in this case. The ALJ's criticism of the treating sources' opinions was not that they were unclear or ambiguous but that they were not believable in light of the inconsistencies and other objective medical evidence in the record. As in Hacker, the ALJ was under no duty to recontact the treating sources under such circumstances. See id.

Finally, Britton claims that the ALJ erred in his assessment of Britton's residual functional capacity ("RFC"). The RFC assessment measures a claimant's capacity to perform basic work activities despite his physical and mental limitations. 20 C.F.R. § 404.1545(a). The assessment is based on all relevant evidence in the case record, including the observations of

treating doctors and others, as well as the claimant's own description of his limitations and subjective complaints of pain. Id.; Willcockson v. Astrue, 540 F.3d 878, 880-81 (8th Cir. 2008). Britton argues that the ALJ "failed to consider Dontea Britton's own statements as to his own abilities and literally ignored the Social Worker, Marcy Stewart's, observations in corroboration." Objections at 5.

Contrary to Britton's argument, the ALJ did not fail to consider Britton's own statements. Rather, the ALJ found those statements were not credible. In doing so, the ALJ properly considered the factors articulated in Polaski v. Heckler for conducting such credibility determinations. See 739 F.2d 1320, 1322 (8th Cir. 1984) (vacated on other grounds by Bowen v. Polaski, 476 U.S. 1167 (1986)).[4] The ALJ discounted the credibility of Britton's statements based on (1) the objective medical record, including numerous instances in which Britton denied experiencing any pain at all and evidence from medical sources opining that Britton's concentration was limited to only a moderate degree; (2) the amount and frequency of Britton's everyday activities was inconsistent with his claims of debilitating pain, depression, and an inability to concentrate; (3) Britton's failure to follow recommended courses of treatment was inconsistent with his subjective complaints; and (4) Britton's work history (or lack thereof) indicated a lack of motivation to work rather than a lack of ability. R&R at 21-22. And the record shows that the ALJ also considered Stewart's statements. Indeed, the ALJ's determination regarding Britton's RFC was consistent with Stewart's testimony at the administrative hearing suggesting that Britton's inability to work was caused in part by his own

---

[4] The factors considered are (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. Polaski, 739 F.2d at 1322.

lifestyle choices, his sleep patterns, a lack of professionalism, and an inability to create and respect personal boundaries.  See A.R. at 403-09; R&R at 10.

The ALJ considered all evidence in the record and made a reasonable conclusion based on all the evidence.  There is substantial evidence to support the ALJ's determination, including his credibility determination regarding Britton's subjective complaints, and, therefore, Judge Nelson correctly concluded that the ALJ did not err.

### III. ORDER

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Britton's Objections [Docket No. 19] are **OVERRULED**,

2.   The R&R [Docket No. 17] is **ADOPTED,**

3.   Britton's Motion for Summary Judgment [Docket No. 13] is **DENIED**, and

4.   Defendant's Motion for Summary Judgment [Docket No. 15] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 20, 2008.